Steve TERRY, Appellant,

v.

Scott WILLIAMSON, as Mayor of City of Corbin, KY; Larry Stevens, Wesley R. Tipton, Walter Goodman, and Ed Tye, as Commissioners of City of Corbin, KY; and City of Corbin, Kentucky, Appellees.

No. 95–CA–0049–MR.

Court of Appeals of Kentucky.

Oct. 18, 1996.

Marcia A. Smith, Corbin, for Appellant.

Gary W. Brittain, Corbin, for Appellees.

Before COMBS, GARDNER and HOWERTON[1], JJ.

*OPINION*

COMBS, Judge.

Steve Terry (Terry) appeals from the Whitley Circuit Court's order dismissing with prejudice his complaint against the appellees (City). The Court dismissed the complaint for failure to comply with the appellate procedure set out in KRS 95.460, holding that Terry did not correctly identify the decision from which he was appealing. Terry argues that he did comply with KRS 95.460 and that the court's dismissal was erroneous. We agree with Terry and find that he more than substantially complied with the notice requirements of KRS 95.460.

Terry was employed as patrolman with the Corbin Police Department. On March 3, 1994, three officers filed formal charges against Terry. The charges alleged misconduct, conduct unbecoming a Corbin Police Officer, inefficiency, insubordination, and violation of the Corbin Police Department Rules and Regulations. A hearing on the matter was conducted by the Corbin City Commission on March 31, 1994; this hearing resulted in Terry's dismissal from the Corbin Police Department. On April 21, 1994, Terry filed a complaint against the appellees (the City) in Whitley Circuit Court. On April 23, 1994, he filed a request that the City Clerk file a certified copy of the charges and judgment against him and that the Clerk certify the transcript of the proceedings with the circuit court.

In response, the City filed an Objection to Notice on May 19, 1994, arguing that Terry had not filed a notice of appeal as required by KRS 95.460. On the same day, the City also filed a motion to dismiss, citing the circuit court's lack of jurisdiction due to Ter-

---

1. Judge Howerton concurred in this opinion prior to his retirement effective October 1, 1996.

Release of this opinion was delayed by administrative handling.

ry's failure to file a notice of appeal pursuant to KRS 95.460. Terry filed several motions to compel compliance with his request that the City Clerk file a certified copy of the charges and judgment against him as well as a certified transcript of the hearing; the City also filed various motions, arguing that Terry had not complied with the procedure set forth in KRS 95.460 for filing an appeal.

On December 22, 1994, the circuit court entered an order dismissing Terry's complaint. The court found that Terry had "failed to comply with the appellate procedure set out in KRS 95.460" and dismissed his complaint with prejudice. The court also stated "as further grounds" that Terry did not "specifically state" in his complaint that he was appealing from the *Findings of Fact and Decision* rendered on March 31, 1994, by the City Commission. This appeal followed.

 KRS 95.460 provides:

(1) Any member of the police or fire department in cities of the second and third classes or urban-county governments found guilty by the legislative body of any charge, as provided by KRS 95.450, may appeal to the circuit court of the county in which the city or urban-county government is located, but the enforcement of the judgment of the body shall not be suspended pending appeal. The *notice of the appeal* shall be filed not later than thirty (30) days after the date the legislative body makes its determination on the charge.

(2) Upon request of the accused the clerk of the legislative body shall file a certified copy of the charges and the judgment of that body in the circuit court. Upon the transcript being filed the case shall be docketed in the circuit court *and tried as an original action.*

\* \* \* \* \* \*

(Emphasis added). Contrary to the City's argument, this statute does not require that the appellant file a document specifically entitled or denominated a "notice of appeal". Rather, the language of KRS 95.460 requires only *notice of* an appeal within a statutorily prescribed period of thirty (30) days after the legislative body's determination. *Notice within thirty days* is the clearly mandated requirement for filing an appeal pursuant to KRS 95.460(1). The statute does not refer to Kentucky Rules of Civil Procedure—nor does it set forth its own statutory scheme for perfecting an appeal. In the case *sub judice,* Terry has complied fully with the statutory requirements of KRS 95.460. His complaint, which was filed within the thirty-day period, served as adequate and actual notice to the City that he was appealing his dismissal. The statute does not prohibit notice in this manner. The fact that Terry elected to file a "complaint" setting forth with particularity his cause of action does not negate the ability of that pleading to provide "notice" of appeal as contemplated by KRS 95.460. Rather, in view of the statute's provision that such an appeal be treated as a *de novo* action by the circuit court, the filing of a complaint serves a dual purpose: that of notice of appeal and that of a statement of the cause of action to be treated as an original action. Appellant has been unjustly penalized for over-compliance with the statute by virtue of filing a notice that served in the extra capacity of a complaint for the action *de novo.*

It is amply clear from the complaint that Terry is appealing the decision of Corbin City Commission rendered on March 31, 1994. The complaint stated the formal charges that had been filed against Terry, the fact that a hearing was conducted and that he was dismissed, and the various grounds upon which he was challenging the City's decision. Terry further complied with the statute by specifically requesting that the City Clerk meet the statutory requirements of KRS 95.460(2). The City was on notice and was fully aware that Terry was appealing its decision to the circuit court.

For the foregoing reasons, the decision of the Whitley Circuit Court is vacated and remanded with directions that the action be reinstated and considered in a manner consistent with this opinion.

All concur.